IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:08 CR 11

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| KEITH MARTINEZ. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on the defendant's motion for appointment of counsel made in open court. The undersigned has considered the financial affidavit of the defendant which reflects substantial tangible assets with the defendant having real property located in the state of New Mexico having a value of $320,000.00. On the other hand, the financial affidavit reflects that the defendant's income consist of monthly social security benefit payments of less than $700.00 per months. Considering the lack of income, but the significant nature of land holdings held by the defendant, the court finds that the defendant would be unable to retain counsel to represent the defendant in this matter without having to sell interest in his real property. Such a sale could require a significant period of time during which the defendant would not be able to be represented by counsel. Volume VII of the *Guide to Judiciary Policies and Procedures*, provides in relevant part as follows:

> A person is "financially unable to obtain counsel" within the meaning of subsection (b) of the Act if he net financial resources and income are insufficient to enable him to obtain qualified counsel. In determining whether such insufficiency exist, consideration should be given to (a)

the cost of providing the person and his dependants with the necessities of life, and (b) the cost of the defendant's bail bond if financial conditions are imposed, or the amount of the case deposit defendant is required to make to secure his release on bond..... any doubts as to the person's eligibility should be resolved in his favor; erroneous determinations of eligibility may be corrected at a later time.

In this case, the defendant, although having substantial holdings in real property, has insufficient liquid or cash assets to retain counsel and to continue to provide his dependants with the necessities of life. The undersigned has not considered the cost of a bail bond because secured bonds are rarely imposed by this court. As a result, the undersigned has determined to enter an order appointing counsel for the defendant. However, having made such appointment, the undersigned does find that the defendant has substantial real property holdings and that the defendant should be taxed with the cost of his court appointed counsel so the costs of representation can be reimbursed from a subsequent sale of his real property holdings.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the defendant's motion for appointment of counsel (oral motion) is **GRANTED**. It is recommended that a judgment against the defendant be entered so that the defendant's substantial holdings in real property may be sold and used to reimburse the cost and expense of his court appointed counsel.

Signed: April 7, 2008

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge