# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:08 CR 11

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| KEITH MARTINEZ. | ) | |
| | ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned, pursuant to a letter (#18) that was filed by the defendant requesting the substitution of another attorney in place and stead of Tony Rollman the attorney who had been appointed to represent the defendant in this matter. In the letter, the defendant request the appointment of a different "court appointed lawyer". Upon the call of the matter on for hearing, it appeared that the defendant was present and that the defendant's attorney, Tony Rollman, was present and that the Government was represented by Assistant United States Attorney Don Gast and from the statements of the defendant and Mr. Rollman and the records in this cause, the court makes the following findings:

**Findings**. A bill of indictment was filed on April 1, 2008 charging the defendant with two counts of the intentional touching of the genitalia of another person who had not attained the age of 12 years in violation of 18 U.S.C. § 2241(c) and with two counts of the intentional touching of the genitalia of another person

who had not attained the age of 12 years in violation of 18 U.S.C. § 2244. The defendant requested that counsel be appointed for him and after a finding of indigency, Mr. Rollman was appointed as attorney for the defendant. The undersigned attempted to hold an inquiry pursuant to Rule 11 of the Federal Rules of Criminal Procedure for the defendant on May 29, 2008. At that time the undersigned declined to accept the plea of guilty of the defendant. Immediately thereafter the defendant sent a letter to the clerk(#18) requesting that another attorney be substituted as counsel for Mr. Rollman.

**Discussion:** Upon the call of this matter, the defendant advised the undersigned that he wished to withdraw his letter and that he did not wish for substitute counsel to be appointed. This court made inquiry of the defendant and was satisfied that it was the defendant's desire that Mr. Rollman continue to represent the defendant.

Out of an abundance of caution, the undersigned has gone forward and considered the letter of the defendant.

An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986)  The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the

trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 U.S. 1 (1983) Considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why the defendant does not wish for Mr. Rollman to represent him further; and (3) whether or not there is such a conflict between the defendant and Mr. Rollman that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988)

The trial of this matter is scheduled to begin on June 16, 2008. The defendant filed the letter on May 29, 2008 and the matter was heard promptly on May 30, 2008. Despite such prompt hearing, there remains only ten (10) business days between the request of the defendant and the trial. It is the opinion of the undersigned there is not sufficient time within which to appoint another attorney and for that attorney to be prepared for the trial of this matter on June 16, 2008. This factor must be weighed against granting the defendant's motion.

The undersigned inquired as to the reasons for the conflict between the defendant and his attorney. The undersigned was present and attempted to conduct the Rule 11 hearing on May 29, 2008. The undersigned cannot find, from this court's recollection of the hearing, there should be any reason to believe there is any

conflict between the defendant and Mr. Rollman. Mr. Rollman kindly and patiently answered all questions of the defendant during the hearing and attempted to do the best that he could to fully explain all aspects of the hearing. This factor must be weighed against allowing the motion.

The court has further examined the matter to determine whether or not there is such conflict between the defendant and Mr. Rollman that there is a total lack of communication between them preventing an adequate defense. It does not appear to the undersigned that such a conflict exists between the defendant and Mr. Rollman that would present an adequate defense. Mr. Rollman is an excellent attorney who works diligently on behalf of his clients. Mr. Rollman is qualified to try this case before a jury and the undersigned is of the opinion that he would do a good job in doing so. At the Rule 11 hearing that took place on May 29, 2008 this court could not discern that there was any lack of communication between the defendant and Mr. Rollman. This factor is weighed against granting the defendant's motion.

After considering all the factors, it appears that there is little time before trial within which to appoint other counsel who has the knowledge of the case that Mr. Rollman possesses; that the undersigned cannot find any good reason for the appointment of another attorney after inquiry was made of the defendant and that there does not appear to be a lack of communication between Mr. Rollman and the

4

defendant that would present an adequate defense.

## ORDER

IT IS, THEREFORE, **ORDERED** that the letter (#18) of the defendant and which the court has considered as a motion to substitute counsel is **ALLOWED** to be **WITHDRAWN** and that, in the alternative, the letter which is considered as a motion to substitute counsel is hereby **DENIED.**

Signed: June 3, 2008

Dennis L. Howell
United States Magistrate Judge