# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:08 CR 11

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| KEITH MARTINEZ. ) | |
| ) | |

**THIS CAUSE** came on to be heard before the undersigned, pursuant to the following motions:

1) A motion filed by the defendant entitled "Motion for Modification of Defendant's Release" (#20); and

2) A motion filed by the government entitled "Motion for Detention Pursuant to 18 U.S.C. § 3143(a)(2)" (#22) and a response(#25) made by defendant's counsel to the government's motion.

And from the records in this cause and the arguments of Don Gast, Assistant United States Attorney and Tony Rollman, attorney for the defendant, the undersigned makes the following findings.

**Findings**. On April 1, 2008, the defendant was charged in a four count bill of indictment with two counts of violation of 18 U.S.C. § 2241(c) and two counts of violation of 18 U.S.C. § 2244. Both charges involve alleged sexual contact by the defendant with another person under age twelve years. The defendant was released

on terms and conditions of pretrial release. On June 3, 2008, the defendant entered a plea of guilty to count three as contained in the bill of indictment, that being a count that alleged that the defendant had violated 18 U.S.C. § 2244. The maximum possible penalty for that offense is a term of imprisonment for any term of years or for life imprisonment. The government has now moved for the detention of the defendant pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion:** 18 U.S.C. § 3143(a)(2) provides as follows:

> (2) The judicial officer shall order that a person who has been fund guilty of an offense in a case described in subparagraph(A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless---
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

The offense to which the defendant has pled guilty is an offense for which the maximum sentence is life imprisonment. As a result, the offense to which the defendant has pled guilty is one in a case described in 18 U.S.C. § 3142(f)(1)(B) and thus is a qualifying offense under 18 U.S.C. § 3143(a)(2). In the Motion for Detention, the government, through the Assistant United States Attorney, has stated that the government does not intend to recommend that no sentence of imprisonment

be imposed. The defendant has entered a plea of guilty and therefore there is not a substantial likelihood that a motion for acquittal or new trial would be granted. The undersigned cannot find at the present time, due to the plea of guilty of the defendant, that by clear and convincing evidence the defendant is not likely to flee or pose a danger to the safety of any other person or the community. It appears that none of the three qualifying circumstances as set forth under 18 U.S.C. § 3143(a)(2)(A)(i)(ii) and (B) exist. The undersigned is thus required by law to order that the defendant be detained.

Due to the fact that the undersigned is required to enter an order detaining the defendant, the defendant's Motion for Modification of Defendant's Release (#20) is hereby rendered moot.

**ORDER**

IT IS, THEREFORE, **ORDERED** that:

1) The government's Motion for Detention Pursuant to 18 U.S.C. § 3143(a)(2) (#22) is hereby **ALLOWED**;

2) The defendant's Motion for Modification of Defendant's Release (#20) is hereby rendered **MOOT** and is therefore **DENIED**; and

3) The terms and conditions of pretrial release entered in this matter are

hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending further orders of the court in this matter.

Signed: June 11, 2008

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge