# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:08CR11

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| KEITH MARTINEZ ) | |

**THIS MATTER** is before the Court on Defendant's notice of appeal from the detention order entered by the Magistrate Judge. For the reasons stated herein, the motion is denied.

## I. PROCEDURAL HISTORY

Based on events that allegedly took place between February 2007 and March 2008, Defendant was charged with four sexual offenses, including two counts of aggravated sexual abuse of a minor in violation of 18 U.S.C. § 2241(c), and two counts of abusive sexual contact in violation of 18 § U.S.C. 2244. **Bill of Indictment, filed April 1, 2008, at 1-3.** Defendant initially pled not guilty to all charges and requested release on

bond.  **Waiver of Arraignment, filed April 3, 2008, at 1.**  Following a hearing on April 18, 2008, the Magistrate Judge denied Defendant's request and ordered his detention, but he noted that "[t]he court would consider the release of the defendant if a suitable place can be found for the defendant to reside which is outside the boundaries of the Cherokee Indian Reservation . . . .  The undersigned would also consider releasing the defendant if the defendant became eligible for a kidney transplant."  **Order of Detention Pending Trial, filed April 24, 2008, at 4.**

A few days later, Defendant moved for reconsideration, stating he had obtained a suitable residence outside the Cherokee Indian Reservation where he would not come into contact with minors.  **Motion for Reconsideration of Detention/Release, filed April 22, 2008, at 1.**  The Magistrate Judge accordingly released him on a $150,000 unsecured bond.  **Order Setting Conditions of Release, filed May 5, 2008, at 1; Appearance Bond, filed May 5, 2008, at 1.**

On May 19, 2008, Defendant and the Government entered into a plea agreement whereby Defendant agreed to plead guilty to one count of abusive sexual conduct in exchange for dismissal of the remaining charges.  **Plea Agreement, filed May 19, 2008, at 1.**  The Court accepted

the guilty plea on June 3, 2008.  **Rule 11 Inquiry and Order of Acceptance of Plea, filed June 3, 2008.**  At this time the Government made a motion for Defendant's detention, which Defendant opposed.  **Motion for Detention Pursuant to 18 U.S.C. § 3143(a)(2), filed June 3, 2008; Defendant's Response to Motion by the United States of America for Detention, filed June 6, 2008.**  Following a hearing on June 10, 2008, the Magistrate Judge granted the Government's motion and ordered the Defendant detained pending sentencing.  **Order, filed June 11, 2008.**  Defendant has appealed this order to the undersigned.  **Defendant's Notice of Appeal, filed June 18, 2008.**

## II.  STANDARD OF REVIEW

Following a prisoner's conviction or plea, the issue of his detention is governed by 18 U.S.C. § 3143.  Section 3143 provides, in pertinent part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of a sentence be detained unless –
>
>   (A)  (i)  the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

**18 U.S.C. § 3143(a)(2).**

Title 18 U.S.C. § 3142(f)(1)(B), as referenced in § 3143(a)(2), refers to "an offense for which the maximum sentence is life imprisonment or death." In this case, Defendant pled guilty to violating 18 U.S.C. § 2244, which in certain instances provides for a prison term "for any term of years or for life." **18 U.S.C. § 2244(a)(5); *see also* Rule 11 Inquiry, *supra*, at 3 (indicating Defendant understood that he faced a maximum sentence of life in prison).** Additionally, this Court has previously interpreted the phrase "a person who has been found guilty of an offense" to include defendants who have entered guilty pleas. ***United States v. Luisa*, 266 F. Supp. 2d 440, 446 (W.D.N.C. 2003); *see also United States v. Moffitt*, 527 F. Supp. 2d 474, 478 (W.D.N.C. 2006) (holding that § 3143 encompasses defendants who have entered guilty pleas as well as**

**those who have been convicted by a jury).** For these reasons, Defendant falls within the purview of § 3143(a)(2).

Defendant bases his appeal on 18 U.S.C. § 3145(c), which provides in pertinent part that "[a] person subject to detention pursuant to section 3143(a)(2) [as Defendant is] . . . and who meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." **18 U.S.C. § 3145(c).** Section 3143(a)(1), which § 3145(c) references, provides that a defendant may be released pending sentence or appeal if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." **18 U.S.C. § 3143(a)(1).** Defendant argues that his case presents the type of "exceptional reasons" discussed in § 3145(c) and therefore he should be released pending sentencing.

## III. ANALYSIS

In his motion before the undersigned, Defendant does not dispute that he is subject to detention under the strictures of § 3143(a)(2).

Nonetheless, he contends that he is not likely to flee or pose a danger to the safety of any other person or the community and, therefore, he "meets the conditions of release set forth in section 3143(a)(1)." **18 U.S.C. § 3145(c).** Furthermore, he contends "that there are exceptional reasons why [his] detention would not be appropriate." *Id.* Thus, he contends that he is entitled to release under § 3145(c).

In support of his position that "exceptional reasons" exist in this case, Defendant states as follows:

> The defendant undergoes dialysis for treatment of kidney failure/kidney disease three days each week. The defendant also suffers from diabetes and other medical issues that require extensive medical care. Since the arrest and release of the defendant, the defendant has provided for his own medical care and dialysis successfully at appropriate outpatient medical caregiver facilities. The defendant contends that he is better able to manage his dialysis and other medical treatment by his private physicians than by the medical care being provided to him in custody. Further, the defendant contends that while on release, the defendant's family provides him with around the clock care and supervision that is essential for his medical treatment that cannot and is not being provided for him while in custody.

**Notice of Appeal,** *supra*, at 1. Despite these assertions, counsel for the Government indicated at the June 10, 2008, hearing that the U. S. Marshal's Service was aware of Defendant's various conditions and was

ready and able to ensure that he received adequate medical care. Defendant does not aver in the instant motion that he is not receiving adequate medical care at the present time; instead he simply indicates that he can receive "better" treatment and more constant supervision when he is not in custody. The Court is unpersuaded that Defendant has "clearly shown that there are exceptional reasons why [his] detention would not be appropriate." The Court will, therefore, deny Defendant's motion for release at this time. Nonetheless, in the event that a problem arises due to inappropriate and/or inadequate medical care during Defendant's pre-sentence detention, Defendant shall retain the right to renew the instant appeal.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's notice of appeal is hereby **DENIED** without prejudice to Defendant's right to renew his appeal, should a problem arise due to inappropriate and/or inadequate medical care during his pre-sentence detention.

8

Signed: June 23, 2008

*[signature]*

Lacy H. Thornburg
United States District Judge